IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **REGINA CULPEPPER** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **Civil Action No.1:06cv125LG-RHW** |
| | § | |
| **GREG WILLIAMS, ET AL.** | § | **DEFENDANTS** |

### ORDER GRANTING CLAIBORNE "BUDDY" McDONALD'S APPLICATION FOR REVIEW OF THE MAGISTRATE'S DENIAL OF MOTION TO STAY CASE AND GRANTING CLAIBORNE "BUDDY" McDONALD'S APPLICATION FOR REVIEW OF ORDER DENYING MOTION TO STAY DISCOVERY

BEFORE THE COURT is an Application for Review of the Magistrate Judge's Order Staying Case filed by Defendant Claiborne "Buddy" McDonald's on May 12, 2006, in the above captioned cause. In addition, Defendant McDonald filed a Motion for Review of the Magistrate Judge's Denial of the Motion to Stay Discovery on May 16, 2006. Plaintiff has tendered a combined response in opposition to both motions.[1]

Defendant McDonald moves the Court to vacate the Order staying in instant case entered by the Magistrate Judge on May 11, 2006, on the grounds that because he is a District Attorney, he is entitled to absolute immunity under the Eleventh Amendment and therefore should not be required to participate in any form of discovery as directed by the order entered pursuant to Local Rule 16.1(A)(2). McDonald further submits that the Court should hear and determine his Motion to Dismiss without considering any additional discovery or evidence.

Plaintiff contends that the Magistrate Judge's ruling was consistent with the directives of the Uniform Local Rules and therefore not clearly erroneous or contrary to existing law. Therefore, Plaintiff concludes that the Defendant's argument calls the legal validity of the

---

[1] Plaintiff's response in part concedes that the Eleventh Amendment shields Defendant McDonald from suit in his official capacity under 42 U.S.C. § 1983.

Local Rule, permitting limited discovery in cases where immunity motions have been filed, into question.

One of the primary purposes of the immunity doctrine is to permit officials to carry on with their governmental duties in the wake of litigation. *Lion Boulos v. Wilson,* 834 F.2d 504, 507 (5th Cir. 1987).  A defendant entitled to claim qualified immunity is shielded not only from liability but also from "the costs of trial [and] . . . the burdens of broad-reaching discovery." *Harlow v. Fitzgerald,* 457 U.S. 800, 816, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). *"Harlow* emphasizes that even such pretrial matters as discovery are to be avoided if possible, as '[i]nquiries of this kind can be peculiarily disruptive of effective government.' . . . Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 2815-16, 86L.Ed.2d 411 (1985).  Even limited discovery on the issue of qualified immunity "must not proceed until the district court *first* finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Vander Zee v. Reno,* 73 F.3d 1365, 1368-69  (5th Cir. 1996), quoting *Mississippi State Employment Serv.,* 41 F.3d 991, 994 & n. 10 (5th Cir. 1995) (emphasis in original).

Unless the plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts, discovery may be prevented at the initial stages of litigation.  *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).  In accord with established Fifth Circuit and Supreme Court precedent, this Court finds that because Claiborne "Buddy" McDonald, is the duly elected District Attorney for the Fifteenth Judicial Circuit Court District, he is entitled to preliminarily raise prosecutorial immunity without participating in further pretrial matters, including any and

all discovery.

**IT IS THEREFORE ORDERED AND ADJUDGED,** that the Motion for Review of the Magistrate Judge's Order  Staying Case filed by Defendant Claiborne "Buddy" McDonald's on May 12, 2006, [13-1] should be and is hereby **GRANTED.**

**IT IS FURTHER ORDERED AND ADJUDGED,** that the Motion for Review of the Magistrate Judge's Denial of the Motion to Stay Discovery filed May 16, 2006, [16-1] by should be and is hereby **GRANTED.**

**IT IS FURTHER ORDERED AND ADJUDGED,** that the Magistrate Judge will modify the order entered in this cause consistent with this opinion and order so that all discovery as it relates to Defendant Claiborne "Buddy" McDonald, is stayed pending resolution of the pending Motion to Dismiss.

**SO ORDERED AND ADJUDGED** this the 10th day of July, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE