IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **REGINA CULPEPPER** | § | **PLAINTIFF** |
| | § | |
| v. | § | **CIVIL ACTION NO. 1:06cv125-LG-RHW** |
| | § | |
| **DETECTIVE GREG WILLIAMS,** | § | |
| **INDIVIDUALLY AND AS AN OFFICER** | § | |
| **OF THE CITY OF PICAYUNE POLICE** | § | |
| **DEPARTMENT; GREG MITCHELL,** | § | |
| **INDIVIDUALLY AND IN HIS OFFICIAL** | § | |
| **CAPACITY AS MAYOR OF THE CITY** | § | |
| **OF PICAYUNE; CLAIBORNE "BUDDY"** | § | |
| **McDONALD, INDIVIDUALLY AND IN** | § | |
| **OFFICIAL CAPACITY AS THE DULY** | § | |
| **ELECTED DISTRICT ATTORNEY FOR** | § | |
| **THE FIFTEENTH DISTRICT; JIM LUKE,** | § | |
| **INDIVIDUALLY AND IN HIS OFFICIAL** | § | |
| **CAPACITY AS THE CHIEF OF POLICE** | § | |
| **FOR THE CITY OF PICAYUNE, MS; THE** | § | |
| **CITY OF PICAYUNE, MS, AND JOHN** | § | |
| **DOES 1-10, INDIVIDUALLY** | § | **DEFENDANTS** |

**MEMORANDUM ORDER AND OPINION GRANTING
MUNICIPAL DEFENDANTS' MOTION TO DISMISS**

THIS MATTER COMES BEFORE THE COURT on the Motion to Dismiss [20] and the Motion for Reconsideration of Magistrate Judge's July 12, 2006, Order Staying the Case [35] filed by the defendants, Greg Williams, individually and in his official capacity as an officer of the City of Picayune Police Department; Greg Mitchell, individually and in his official capacity as Mayor of the City of Picayune; Jim Luke, individually and in his official capacity as Chief of Police for the City of Picayune; and the City of Picayune, Mississippi ("the defendants"). After consideration of the submissions and the relevant legal authority, it is the opinion of the Court that the defendants' Motion to Dismiss should be granted, and that defendants' Motion for Reconsideration should therefore be denied as moot.

## I. FACTS AND PROCEDURAL HISTORY:

In October of 2004, a confidential informant and officers from the City of Picayune Police Department purchased drugs from Larry Hyatt and a woman named Dana that was either the wife or girlfriend of Larry Hyatt. The transaction was recorded using audio and video surveillance equipment. (Complaint at 5-6). In an attempt to determine the identity of the woman in the surveillance video, one of the defendants, Detective Greg Williams, requested a copy of Regina D. Hyatt's driver's license instead of Dana's driver's license. (Complaint at 6). Williams determined that the plaintiff, Regina Culpepper, was the person that sold the drugs. (Complaint at 6). The plaintiff alleges that Williams did not compare her photograph to the surveillance, and asserts that he would have realized that she did not sell the drugs had he performed the comparison. (Plaintiff's Mem. Br. at 4). Regina Culpepper was indicted by a grand jury, and was arrested in October of 2004. Regina D. Hyatt is the plaintiff's maiden name, and she is the sister of Larry Hyatt.

Law enforcement officials realized that the plaintiff was mistakenly identified as the female dealer, and she was released from jail within a few hours of her arrest. (Complaint at 7). The plaintiff alleges that she was released after her husband convinced police officers to view the videotape of the drug transaction. (Complaint at 7-8). After her release from jail, the plaintiff claims that a Picayune police officer announced on television that the department would continue to investigate her. The plaintiff also asserts that the charges against her were not dismissed until the day her case was set for trial. It was later determined that the female dealer was either Larry Hyatt's wife or girlfriend, Dana Harvey, and the plaintiff was not involved with the transaction. (Complaint at 6).

The plaintiff further claims that the Picayune Police Department was very familiar with Larry Hyatt and Dana Harvey, because the Department had searched their home one year prior to the incident at issue. (Complaint at 6). Therefore, she argues that Picayune police officers should have known that they were arresting the wrong person. The plaintiff alleges that the defendants, Mitchell, Luke, and the City of Picayune, "knew or should have known that Williams and John Doe Officers were inappropriately hired and allowed to perform based upon their inadequate training, supervision, and discipline yet failed to take corrective measures." (Complaint at 9). Additionally, the plaintiff asserts that these defendants acted with deliberate indifference by failing to provide adequate training and procedures for hiring, training, supervision, and discipline of police officers and by failing to immediately acknowledge her innocence. (Complaint at 9-10). The Complaint alleges violations of 42 U.S.C. §1983, and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. It also alleges that the defendants' conduct violated Article III, section 23 of the Mississippi Constitution, and constituted common law torts of malicious prosecution and false imprisonment.

The defendants filed a Motion to Dismiss the plaintiff's Complaint, alleging qualified immunity.[1] The plaintiff has moved to amend her complaint to add an allegation that, based upon information and belief, Detective Williams provided "false testimony to the grand jury about Regina Culpepper being the person depicted on the videotape or gave false information

---

[1] The defendants have also filed a Motion for Reconsideration of the Magistrate Judge's July 12, 2006 Order Staying the Case as to the defendant Claiborne "Buddy" McDonald, but allowing discovery to proceed with regard to the remaining defendants. The defendants argue that a stay should be imposed as to all defendants pending a decision on the defendants' Motion to Dismiss. Since the Court is granting the defendants' Motion to Dismiss, the defendants' Motion to Reconsider is denied as moot.

with reckless disregard for the truth." (Plaintiff's Proposed Amended Complaint at pp. 5-6 ).

## II.  LAW AND ANALYSIS:

**A.  Whether the Individual Defendants Are Entitled to Qualified Immunity:**

Federal courts utilize a two-part test for determining whether an individual defendant is entitled to qualified immunity: (1) whether the facts alleged, when taken in the light most favorable to the plaintiff, establish that the officer's conduct violated a constitutional right; and (2) if a violation of a constitutional right has occurred, whether the right was "clearly established" at that time.  The plaintiff has alleged violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

**1.  The Fifth and Eighth Amendments:**

The plaintiff alleges that her Fifth and Eighth Amendment rights were violated by the defendants' acts.  However, the plaintiff cannot assert a Fifth Amendment claim against the City and its employees because the Fifth Amendment only restricts powers of the federal government, and she has not alleged any action by the federal government.  *See Pruett v. Dumas*, 914 F. Supp. 133, 136 (N.D. Miss. 1996).  Additionally, the Eighth Amendment prohibition of cruel and unusual punishment is inapplicable where a detainee's imprisonment has not resulted from a criminal conviction.  *Ortega v. Rowe*, 796 F.2d 765 (5th Cir. 1986)(*citing Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979)).  Since the plaintiff was not convicted of any crime, the Eighth Amendment prohibition of cruel and unusual punishment does not pertain to her claims.

**2. The Fourth and Fourteenth Amendments:**

The defendants argue that the plaintiff has not asserted valid Fourth and Fourteenth Amendment claims since she has merely alleged negligent conduct, her arrest arose out of

mistaken identity, and her arrest was based on a valid warrant.  However, the plaintiff asserts that Williams acted recklessly because she contends that he did not compare her driver's license photograph to the surveillance video.

This precise issue was addressed by the Fifth Circuit in *Sanchez v. Swyden*, 139 F.3d 464 (5th Cir. 1998).  Sanchez and his wife arrived at a Houston airport following a flight from Mexico.  *Sanchez*, 139 F. 3d at 465.  When Sanchez passed through the United States Customs Service, a Customs agent determined that a fugitive warrant had been issued for a person with the same name and general description, and Sanchez was detained.  *Id.*  Two hours after Sanchez was detained, Customs received photographs of the actual fugitive, copies of his fingerprints, and other information including the description of a tattoo that was on the fugitive's shoulder.  *Id.* Sanchez was held for another twenty-four hours after the receipt of the faxed information concerning the true fugitive, but was released after it was discovered that he did not have a tattoo on his shoulder and his fingerprints did not match that of the fugitive.  *Id.* Sanchez argued that his constitutional rights were violated because no one compared his fingerprints or determined whether he had a tattoo matching that of the fugitive, particularly since he repeatedly informed the officers that they had the wrong person.  *Id.* at 468.  The Court explained that "officials charged with maintaining custody of the accused named in a warrant are not required by the Constitution to perform an error-free investigation of a claim of innocence." *Id.* at 468 (citing *Baker v. McCollan*, 443 U.S. 137 (1979)).  The Court also held that the fact that law enforcement officials were in possession of information that exculpated Sanchez but continued to detain him did not constitute a constitutional violation because the failure to review the information constituted nothing more than simple negligence.  *Id.* at 469.  The Civil Rights Act does not

provide a remedy for claims constituting mere negligence. *Id.*

In the present suit, the plaintiff alleges that Detective Williams was in possession of exculpatory evidence– the surveillance video– and failed to review it. The plaintiff also appears to contend that Detective Williams requested the wrong driver's license when he was conducting the investigation. As a result of these alleged errors, she was arrested and held for several hours. Although the plaintiff claims that the individual defendants acted recklessly, the defendants' alleged conduct was nothing more than simple negligence pursuant to *Sanchez*, 139 F. 3d at 468. Furthermore, the Court notes that the plaintiff was not arrested until after she was indicted by a grand jury.

The plaintiff also claims that other officers ratified Williams' conduct by announcing that they would continue to investigate her after her release. However, there is no constitutional right to be free from official investigation. *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995). As a result, the plaintiff has not alleged a Constitutional violation. Therefore, the individual defendants are entitled to qualified immunity.

**B. Whether the Section 1983 Claim Against the City of Picayune Should Be Dismissed:**

Municipalities face § 1983 liability when an official policy or custom of which a policymaker can be charged with actual or constructive knowledge results in a constitutional violation whose "moving force" is that policy or custom. *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002)(citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). This Court has found, *supra*, that the plaintiff's constitutional rights were not violated by the defendants' alleged conduct, and thus, the City is entitled to dismissal. *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978)(explaining that it is not necessary to determine whether a

municipality had an official policy, practice or custom which could subject it to §1983 liability where there is no constitutional violation).

C.  **Plaintiff's State Law Claims:**

The plaintiff also asserts claims pursuant to the Mississippi Tort Claims Act. In order to recover pursuant to the Tort Claims Act, the plaintiff must demonstrate that the defendants acted with reckless disregard. *See* MISS. CODE ANN. 11-46-9(1)(c)(providing that employees performing their duties related to police protection are entitled to immunity unless they acted with reckless disregard). "Reckless disregard" encompasses willful and wanton action, and willful and wanton action signifies "knowingly and intentionally" doing a wrongful act. *Titus v. Williams*, 844 So. 2d 459, 468 (¶38) (Miss. 2003). "Reckless disregard" has also been defined as "conscious indifference to consequences, amounting almost to a willingness that harm should follow." *Id.* As set forth *supra*, the plaintiff has only alleged facts that constitute simple negligence, and therefore, the defendants are immune from liability.

Furthermore, the plaintiff is not entitled to recover against the defendants if they were exercising or failed to exercise a discretionary function. MISS. CODE ANN. §11-46-9(d). The Mississippi Supreme Court has adopted a two-part test for determining whether an act is a discretionary function: (1) whether the activity involved an element of choice or judgment, and if so, (2) whether the choice or judgment involves social, economic, or political policy alternatives. *City of Jackson v. Powell*, 917 So. 2d 59, 74 (Miss. 2005). However, if the obligation is imposed by law, leaving no room for judgment, the conduct will be considered ministerial, and immunity will not apply. *Powell*, 917 So. 2d at 74. The Mississippi Supreme Court has held that the manner in which a police department supervises, disciplines, and regulates its police officers is a

discretionary function.  *Id.* at 74.  In the present suit, the alleged acts and omissions of the defendants required the exercise of choice and judgment by the defendants, and involved social, economic, and political policy alternatives.  Therefore, the defendants are immune from liability pursuant to the Mississippi Tort Claims Act.

**D.  Whether the Plaintiff Should Be Granted Leave to Amend Her Complaint:**

The plaintiff wishes to amend her Complaint to add an allegation that Detective Williams knowingly provided false information to the grand jury.  The Court will allow the plaintiff the opportunity to amend her Complaint in order to add this allegation against Detective Williams.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the defendants' Motion to Dismiss [20] is **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the defendants' Motion for Reconsideration of the Magistrate Judge's July 12, 2006, Order Staying the Case [35] is **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED** this the 30th day of March, 2007.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE