IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **REGINA CULPEPPER** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:06cv125-LG-JMR** |
| | § | |
| **DETECTIVE GREG WILLIAMS,** | § | |
| **INDIVIDUALLY AND AS AN OFFICER** | § | |
| **OF THE CITY OF PICAYUNE POLICE** | § | |
| **DEPARTMENT** | § | **DEFENDANTS** |

### ORDER DENYING PLAINTIFF'S
### MOTION TO CONDUCT DISCOVERY

THIS MATTER COMES BEFORE THE COURT on the Motion to Conduct Discovery [76] and the Motion for Review of the Magistrate's Order Staying the Case [74] filed by Plaintiff, Regina Culpepper. After consideration of the submissions and the relevant legal authority, it is the opinion of the Court that Plaintiff's Motion to Conduct Discovery should be denied and that the Motion for Review of the Magistrate's Order Staying the Case is moot.

On March 30, 2007, the Court entered an Order allowing Plaintiff to amend her complaint in order to assert that the Defendant, Greg Williams, provided materially false information to the Grand Jury, which resulted in her indictment. Plaintiff filed an Amended Complaint on April 27, 2007, and Defendant filed a Motion to Dismiss the Amended Complaint, asserting the defense of qualified immunity. On May 18, 2007, an Order staying the case was entered, which provided that Plaintiff must seek permission to conduct discovery by filing the appropriate motion. Plaintiff filed a Motion for Review of the Order staying the case in which she sought clarification as to the type of motion for discovery that she should file. She also filed a Motion to Conduct Discovery related to the immunity issue.

Plaintiff asserts that she is entitled to conduct discovery pursuant to Rule 16.1(B)(4)(c) of

the UNIFORM LOCAL RULES OF THE UNITED STATES DISTRICT COURTS FOR THE NORTHERN DISTRICT OF MISSISSIPPI AND THE SOUTHERN DISTRICT OF MISSISSIPPI, which provides that, upon filing an immunity defense motion, the defendant must submit a proposed order to the magistrate judge granting the stay but permitting discovery relevant only to the immunity defense. However, the Fifth Circuit has held that "[e]ven limited discovery on the issue of qualified immunity 'must not proceed until the district court *first* finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.'" *Vander Zee v. Reno*, 73 F.3d 1365, 1368-69 (5th Cir. 1996)(quoting *Wicks v. Mississippi State Employment Serv.*, 41 F.3d 991, 994 (5th Cir. 1995)).  This Court has not yet ruled on Defendant's Motion to dismiss, and therefore has not made a determination as to whether Plaintiff has asserted facts which, if true, would overcome Defendant's immunity defense.  Therefore, Plaintiff's Motion to Conduct Discovery is denied.  The Court further finds that Plaintiff's Motion for Review of the Magistrate's Order Staying the Case is moot.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's Motion to Conduct Discovery [76] is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff's Motion for Review of the Magistrate's Order Staying the Case [74] is **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED** this the 27th day of June, 2007.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE