IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **REGINA CULPEPPER** | § | **PLAINTIFF** |
| | § | |
| v. | § | **CIVIL ACTION NO. 1:06cv125-LG-JMR** |
| | § | |
| **DETECTIVE GREG WILLIAMS,** | § | |
| **INDIVIDUALLY AND AS AN OFFICER** | § | |
| **OF THE CITY OF PICAYUNE POLICE** | § | |
| **DEPARTMENT** | § | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER GRANTING
IN PART AND DENYING IN PART DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

THIS MATTER COMES BEFORE THE COURT on the Motion to Dismiss Plaintiff's First Amended Complaint [63] filed by Defendant Greg Williams. After consideration of the submissions and the relevant legal authority, it is the opinion of the Court that Defendant's Motion to Dismiss should be granted in part and denied in part as set forth below.

**FACTS**

This case stems from the arrest of Plaintiff Regina Culpepper in October of 2004, for selling drugs to a confidential informant and officers from the City of Picayune Police Department. The drug transaction was videotaped. The charges against Plaintiff were eventually dismissed when it was determined that she was not the person depicted in the videotape.[1]

**DISCUSSION**

**PLAINTIFF'S CLAIMS AGAINST DEFENDANT IN HIS INDIVIDUAL CAPACITY**

When ruling on a Motion to Dismiss, a court must liberally construe the complaint in

---

[1] The Court previously set forth the complete factual and procedural history of this case in the Memorandum Opinion and Order [52] dated March 30, 2007, and incorporates by reference the factual and procedural history set forth in that Opinion.

favor of the plaintiff, assuming all pleaded facts as true.  *Holden v. Knight*, 155 Fed. Appx. 735, 738 (5th Cir. 2005)(citing *Capital Parks, Inc. v. Se. Adver. & Sales Sys.*, 30 F.3d 627, 629 (5th Cir. 1994)).  "A court required to rule upon the qualified immunity issue must consider . . . this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"  *Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006)(quoting *Saucier v. Katz*, 533 U.S. 194 (2001)).  In her First Amended Complaint, Plaintiff asserts that Defendant Williams "presented false testimony to the grand jury about Regina Culpepper being the person depicted on the videotape or gave false information with reckless disregard for the truth."  (1st Am. Compl. at ¶8).  Plaintiff further asserts:

> At all times pertinent herein Det. Williams acted willfully, maliciously, wantonly, unreasonably, recklessly, and with deliberate indifference to, and with intentional and wanton disregard of the Plaintiff's State and Federal Constitutional Rights and Civil [R]ights.  Williams also acted with reckless disregard of the safety and well-being of Mrs. Culpepper.

(1st Am. Compl. at ¶4).  Plaintiff alleges that Defendant's conduct violated the Civil Rights Act and the Fourth and Fourteenth Amendments to the Constitution because she was unlawfully arrested and seized as a result of Williams' conduct.

Defendants first argue that Plaintiff's assertion that Defendant gave false testimony to the grand jury is disingenuous because Plaintiff has no way of knowing whether Defendant testified before the grand jury or the content of Williams' testimony before the grand jury.  However, at this stage of the proceedings, this Court cannot evaluate the credibility of Plaintiff's assertion, and can only construe the allegations of the complaint as true.  *Holden*, 155 Fed. Appx. at 738. Therefore, the Court cannot dismiss Plaintiff's First Amended Complaint on this ground.

Defendants also argue that the grand jury's decision to indict Plaintiff broke the chain of causation for the false arrest of Plaintiff. The Fifth Circuit holds that when facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party. *Shields v. Twiss*, 389 F.3d 142, 150 (5th Cir. 2004). However, the causal chain is not broken if the deliberations of the intermediary were in some way tainted by the actions of the defendant. *Shields*, 389 F.3d at 150. Since Plaintiff asserts that the grand jury's decision was tainted by the alleged false testimony of Defendant, the Court cannot hold as a matter of law that the chain of causation was broken by the grand jury's decision. Therefore, Defendant's Motion to Dismiss Plaintiff's Claims based upon qualified immunity must be denied.

**PLAINTIFF'S CLAIMS AGAINST DEFENDANT IN HIS OFFICIAL CAPACITY**

Plaintiff has also asserted claims against Defendant in his official capacity. Lawsuits against police officers in their official capacity are essentially lawsuits against the municipality. *See Monell v. Dept. of Social Serv.*, 436 U.S. 658, 690 n.55 (1978). In a claim against a municipality under Section 1983, a plaintiff must demonstrate that: (1) a municipal policy or custom existed; (2) governmental policymakers actually or constructively knew of the policy or custom's existence; (3) a constitutional violation occurred; and (4) the custom or policy served as the moving force behind the violation. *Meadowbriar Home for Children, Inc. v. Gunn*, 91 F.3d 521, 532 (5th Cir. 1996). Plaintiff has not alleged any policy or custom that served as the moving force behind Defendants' alleged false testimony to the grand jury. Therefore, Plaintiff has not stated a claim against Defendant in his official capacity.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [63] is **GRANTED IN PART AND DENIED IN PART**. Defendant is entitled to summary judgment regarding the claims asserted against him in his official capacity. Defendant's Motion is denied in all other respects.

**SO ORDERED AND ADJUDGED** this the 20th day of August, 2007.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE